IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D. DUSTIN,

        Plaintiff,                         No. CIV S-04-0672 GEB JFM P

    vs.

R. TOWNSEND, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed July 1, 2004, plaintiff's original complaint was dismissed and plaintiff was given thirty days to file an amended complaint.  On August 6, 2004, plaintiff filed an interlocutory appeal from the July 1, 2004 order.  That appeal was dismissed  Plaintiff failed to timely file an amended complaint and on October 22, 2004, this court issued findings and recommendations recommending that this action be dismissed without prejudice.

        On October 29, 2004, plaintiff filed objections to the findings and recommendations and a request for an extension of time to file an amended complaint.  Plaintiff filed six subsequent requests for extension of time to file an amended complaint, five of which were granted by orders filed November 4, 2004, December 15, 2004, and April 12, 2005.

Plaintiff's sixth request, filed May 6, 2005, was followed by the filing of an amended complaint on May 23, 2005.  On August 25, 2005, plaintiff filed another document styled "Amended Complaint."[1]  Good cause appearing, the latter amended complaint will supersede the former and the court will screen the amended complaint filed August 25, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

/////

---

[1] Plaintiff's May 6, 2005 request will be granted nunc pro tunc and his amended complaints will be deemed timely filed.

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's amended complaint, with exhibits, is 77 pages long.[2] Plaintiff names only eight defendants in the section of the form complaint for identifying defendants, but others individuals appear to be named in the body of the complaint. The amended complaint sets forth a rambling narrative that spans a period from October 16, 1999 until "the present time." (Amended Complaint, filed August 25, 2005, at 3.) As was the original complaint, the amended complaint is handwritten in small, cramped print that is often illegible.

The amended complaint suffers from many of the same defects as the original complaint. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

/////

/////

---

[2] Although this is shorter than the 200 pages original complaint, it is still excessive.

> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

As did his original complaint, plaintiff's amended complaint suffers from many of the same problems as the pleading dismissed in McHenry. There is much "'narrative rambling[]'" and a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179.

Plaintiff will be given one final opportunity to amend his complaint. As plaintiff was instructed in this court's July 1, 2004 order, should he choose to amend his complaint he will be required to limit the number of defendants and claims raised to a reasonable number that does not unduly burden either the court or the defendants that he does elect to sue in this action.[3] Any second amended complaint shall be filed on the form provided with this order and shall include no more than fifteen attached pages.[4]

If plaintiff chooses to filed a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362

---

[3] The indecipherable nature of the complaint precludes the court providing plaintiff with further advice at this time concerning the proper scope of this action, although plaintiff is informed that claims based on events that occurred more than three years prior to the time this action was filed are likely barred by the statute of limitations. See Wilson v. Garcia. 471 U.S. 261, 268-71, 276 (1985); see also Cal. Code Civ. Pro. §§ 340(3), 352.1.

[4] In the July 1, 2004 order, plaintiff was ordered to so limit his amended complaint. (Order filed July 1, 2004, at 4,5.) Plaintiff has failed to comply with that requirement. Plaintiff is cautioned that failure to limit his second amended complaint in accordance with the provisions of this order may result in a recommendation that this action be dismissed as a sanction for non-compliance with a court order. See Local Rule 11-110; Fed. R. Civ. P. 41.

(1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that any amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, any amended complaint supersedes prior complaints. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, prior pleadings no longer serves any function in the case. Therefore, in a second amended complaint, as in prior complaints, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is cautioned that the court will look with great disfavor on any request to extend the thirty day period in which to file a second amended complaint, and that the court intends to recommend dismissal of this action if a second amended complaint is not filed within the thirty day period set by this order.

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's May 6, 2005 request for extension of time is granted.

2. Plaintiff's May 23, 2005 and August 25, 2005 amended complaints are deemed timely filed.

3. Plaintiff's May 23, 2005 amended complaint is superseded by his August 25, 2005 amended complaint.

4. Plaintiff's August 25, 2005 amended complaint is dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the court's form complaint for filing of civil rights actions under 42 U.S.C. § 1983 and accompanying instructions.

6. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that is limited to the form complaint plus no more than **fifteen** pages, that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

7. Plaintiff must file an original and two copies of the second amended complaint. Failure to timely file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: October 21, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
dust0672.142